# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BARNES,<br><br>        Plaintiff,<br><br>    v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>        Defendant. | Case No.: 1:17-cv-01006-LJO- JLT<br><br>ORDER GRANTING COUNSELS' MOTION TO WITHDRAW AS ATTORNEY OF RECORD<br><br>(Doc. 6) |

Jeff R. Dingwall and C. Kiel Garella seek to withdraw as attorneys of record for Plaintiff Kevin Barnes.[1] (Doc. 6) Plaintiff did not file a written opposition to the motion. Defendant Union Pacific Railroad Company filed a statement of non-opposition. (Doc. 12)

The Court found the matter suitable for decision without oral argument, and took the matter under submission pursuant to Local Rule 23(g). For the reasons set forth below, the motion to withdraw is **GRANTED**.

## I.    Procedural History

Plaintiff initiated this action by filing a complaint on July 27, 2017, seeking to "recover damages for injuries and for other relief under the Federal Employers Liability Act, 45 U.S.C. § 51." (Doc. 1 at 2) Plaintiff filed a proof of service indicating Union Pacific Railroad Company had been served with the complaint on October 26, 2017. (Doc. 5) The same date, counsel filed the motion to

---

[1] Notably, C. Kiel Garella has not appeared as counsel in the action.

1

withdraw now pending before the Court. (Doc. 6)

Defendant filed its answer to the Complaint as well as a statement of non-opposition to the motion to withdraw on November 14, 2014. (Docs. 10, 12)

## II. Legal Standards

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of the United States District Court, Eastern District of California. *See* LR 182. The withdrawal of representation is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry our employment effectively." Cal. R.P.C. 3-700(C)(1)(d). Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

*Id.* Likewise, California's Rules require the notice of motion and declaration to be served on the client and other parties who have appeared in the case. CRC 3.1362(d).

The decision to grant withdrawal is within the discretion of the Court, and leave "may be granted subject to such appropriate conditions as the Court deems fit." LR 182*; see also Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 989141, at *1 (E.D. Cal. Jan. 14, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."). The Court may consider: (1) the reasons for withdrawal, (2) prejudice that may be caused to the other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the case caused by withdrawal. *Id.*, 2009 WL 989141, at *1-2. In addition, permissive withdrawal of an attorney is allowed if a client "knowingly and freely assents to termination of the employment." Cal. R.P.C. 3-700(C)(5); *see also Ortiz v. Alvarez,* 2017 U.S. Dist. LEXIS 84252 at *2 (E.D. Cal. May 31, 2017).

## III. Discussion and Analysis

Mr. Dingwall asserts that he and C. Kiel Garella seek to withdraw as counsel for Plaintiff. (Doc. 6 at 2) Mr. Dingwall reports that he "informed Mr. Barnes via phone and email of the intent … to withdraw as counsel on behalf of Mr. Barnes in this matter." (Doc. 6-1 at 1, Dingwall Decl. ¶3) In addition, he asserts that Plaintiff was "provided with opportunity to obtain new counsel." (*Id.*, ¶ 4)

According to Mr. Dingwall, Plaintiff "knowingly and freely assents to the termination of the employment of [Mr. Dingwall] and Mr. Garella." (*Id.*, ¶ 5) Thus, it appears that counsel seeks to withdraw from the case pursuant to Rule 3-700(C)(5) of the California Rules of Professional Conduct, which provides that an attorney may seek withdrawal where "[t]he client knowingly and freely assents to the termination of the employment." Indeed, although informed of the filing of the motion, Plaintiff did not oppose the withdrawal of representation.

Likewise, the defendant does not oppose the motion (Doc. 12), and it does not appear the defendant would suffer any prejudice by the withdrawal of counsel. Further, there would be any harm to the administration of justice. Finally, the withdrawal is unlikely to cause unreasonable delay to the litigation because this case has not yet been scheduled and no trial has been set. Accordingly, the factors set forth in *Canandaigua Wine Co.* weigh in favor of granting the motion to withdraw as counsel for Plaintiff. *See id.,* 2009 WL 989141, at *1-2.

### IV. Conclusion and Order

Mr. Dingwall followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw as Plaintiff's attorneys. In addition, the Court finds Plaintiff has knowingly and freely assented to the termination of employment, given his failure to oppose the motion. Therefore, the Court is acting within its discretion to grant the motion to withdraw. See LR 182. Accordingly, the Court **ORDERS**:

1. The motion to withdraw is **GRANTED**;
2. The Clerk's Office **SHALL TERMINATE** Jeff R. Dingwall as "Lead Attorney to be Noticed" for Plaintiffs in the Court docket, and update the docket to reflect Plaintiff now appearing pro se and his last known contact information as follows:

   Kevin Barnes
   511 Arvin Street
   Bakersfield, CA 93308

3. No later than **December 4, 2017**, Plaintiff **SHALL** notify the Court in writing whether he intends to represent himself in this matter or secure substitute counsel, and whether he intends to prosecute this action.

**Plaintiff is advised that failure to comply with the Local Rules, Federal Rules, or any Court**

1 **Order—including this Order— may result in dismissal of this action pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated: **November 20, 2017**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

4